Vincent A. Lupiano, J.
Plaintiff wife sues herein for legal separation based on charges of nonsupport and cruel and inhuman treatment.
The parties were married on October 15, 1954; there is no issue. Evidence was offered on both sides respecting the principal issues. Apart therefrom the husband pertinently argues that the parties are presently residing together in the same *267 apartment and this physical relationship could well repel a decree of legal separation which otherwise might he granted on the causes set forth in the complaint. The argument is valid, and, if successfully demonstrated, can bar judgment of separation even if the causes of action are sustained.
The evidence fully supports defendant’s plea that the parties were still residing together as man and wife when the instant action was commenced on October 30, 1958. The apartment consists of five rooms — kitchen, living room and three bedrooms. The parties had jointly used the master bedroom. Plaintiff testified that in October, 1958 she moved out of the bedroom into a smaller one though she continued to use her vanity and dresser which remained in the master bedroom. She asserts that they had not cohabited since October, 1957. The husband, on the other hand, asserts that they slept together until May, 1959 and have had sexual relations up to June, 1959. There is a ring of truth to the evidence which establishes that the parties, beyond the time of the commencement of this action, have not had a sufficient degree of separation or living apart so as to warrant judicial recognition of separation.
Mere staying together in the same premises need not, of itself, defeat an action for separation. There may be exceptional circumstances which will utterly compel the wife to remain in the same residence. Therefore, where the conduct of the parties convincingly indicates that they are no longer living together in any conjugal sense and the wife must remain under the same roof because of economic compulsion, a decree of separation may then issue because in a significant conjugal measure husband and wife are separated. (See Rothenberg v. Rothenberg, 8 A D 2d 703; Sommer v. Sommer, 285 App. Div. 809; Friedman v. Friedman, 285 App. Div. 938; Pedersen v. Pedersen, 107 F. 2d 227; Carpenter v. Carpenter, N. Y. L. J., May 20, 1957, p. 6, col. 5; Teitler v. Teitler, N. Y. L. J., Feb. 13, 1958, p. 6, col. 6).
Here, however, there are two factors which require me to adhere to the general rule that a judgment of separation will not be granted where it is shown that the parties continue to live in the same premises (Berman v. Berman, 277 App. Div. 560). Firstly, the evidence clearly indicates that when the action was commenced and up to the time the motion for temporary alimony was brought the parties were cohabiting together; even their present mode of living brings them intimately together, with the plaintiff strangely manifesting her estrangement to the extent of wanting her back scrubbed in the bathtub.
*268 Secondly, the plaintiff is gainfully employed and has ample funds; there are no children to support and she can, in these circumstances, force the essential issue. In this latter aspect, I am mindful that a harassed spouse, without easier alternative, may, in doing so, make herself vulnerable to the charge of abandonment. However, all the circumstances can ultimately be appraised correctly at the high judicial moment and evidence of her departure can be properly understood and weighed here.
The complaint seeking legal separation is dismissed and the defendant is entitled to judgment accordingly, based on the decision herein, which is made pursuant to section 440 of the Civil Practice Act.
Exhibits are available at the Trial Term Part.